...

Case 0:09-cv-60211-WJZ   Document 29   Entered on FLSD Docket 08/19/2009   Page 1 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60077-CIV-ZLOCH

ANDREW G. SZOKE,

    Plaintiff,

vs.                                              **<u>ORDER RE: SANCTIONS</u>**

GEOTECH ENVIRONMENTAL, INC.,
and NILESH LAKHLANI

    Defendants.
_____/

CASE NO. 09-60211-CIV-ZLOCH

FREDERICK M. ODIO, SR.,

    Plaintiff,

vs.

GEOTECH ENVIRONMENTAL, INC.,
and NILESH LAKHLANI,

    Defendants.
_____/

    This matter is before the Court sua sponte. The Court has carefully reviewed the entire court file in each of the above-styled causes and is otherwise fully advised in the premises.

    The Plaintiffs in both cases are represented by the same attorneys, Joel Adrian Brown, Esq. and Paul Aaron Herman, Esq., from the Fair Credit Law Group. Both of these cases were brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. (hereinafter the "FLSA"), and purportedly settled during mediation held on June

11, 2009.[1]  The Court has several standing Orders governing settlements and particularly settlements in FLSA cases. Despite their clarity and the fact that they are orders of the Court, the Parties in these cases did not comply with them. And after numerous phone calls by the Court's staff and two show-cause orders the Parties still failed to comply with the Court's standing Orders. The Plaintiffs' attorneys also saw fit to ignore both the standing orders, the show-cause orders, the Court's order setting pre-trial conference, and the Court's show-cause hearing.  Such disregard for the Court's orders and contempt for the judicial process mandates the imposition of sanctions, in this case at an amount of $12,500 against each Mr. Brown and Mr. Herman.

I.

Many, if not all district courts, have certain standing orders. These orders dispel any ambiguity in the interstitial gaps that the Local and Federal Rules leave for courts to manage their dockets and control the pace of litigation. This Court has two such orders that govern settlements and settlements in FLSA cases.[2]  They are not cryptic, and are, in fact, quite clear in what they command.  One requires that if the Parties enter into a settlement agreement they are to submit their stipulation of dismissal within 10 calendar days

---

[1] *See Andrew G. Szoke v. Geotech Environmental, Inc.*, Case No. 09-60077-CIV-ZLOCH, DE 32; *Frederick M. Odio, Sr. v. Geotech Environmental, Inc.*, Case No. 09-60211-CIV-ZLOCH, DE 22.

[2] *Szoke*, DE Nos. 19, 20; *Odio*, DE Nos. 8, 9.

of reaching a settlement.[3]  The second requires parties in an FLSA case who settle before trial to provide a fully executed settlement agreement within 10 days of settlement, for review and approval pursuant to the Eleventh Circuit case *Lynn's Foods Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).[4]  The 10-day time period is often extended when the Parties file the appropriate motion. In this case no such motion was filed; instead, several phone calls were made by the Court's staff reminding the Parties of the standing Orders and politely directing them to comply. Unfortunately, this course proved fruitless.

And on July 27, 2009, almost six weeks after the Parties entered into a settlement and over a month after they were required to file a stipulation of dismissal and fully executed settlement agreement, the Court entered a show-cause order directing them to comply with the Court's standing orders and file memoranda establishing cause for their failure to abide by the Court's Orders.[5] That same day, the Parties filed stipulations of dismissal in each case but failed to file their fully executed settlement agreements for the Court's review.  Plaintiffs also did not show cause for their failure to abide by the Court's Orders.

And when another round of phone calls alerting the Parties to

---

[3] *Szoke*, DE 19, ¶ 17; *Odio*, DE 8 ¶ 17.

[4] *Szoke*, DE 20, ¶ 2; *Odio*, DE 9, ¶ 2.

[5] *Szoke*, DE 33; *Odio*, DE 23.

this deficiency again proved fruitless, the Court issued another Order, alerting the Parties, again, to the fact that a fully executed settlement agreement was still not submitted.[6] The Order also set a hearing for why sanctions should not be imposed for the Parties continually acting in contravention of the Court's Orders. The hearing was deliberately set for the same date and time as the Parties still-scheduled Pre-Trial Conferences; the Court had not canceled it because the case was not resolved. Almost immediately after the Orders setting the hearing were docketed, a settlement agreement was promptly filed in the Szoke case.[7] But this settlement agreement was still deficient: it was not fully executed, and it listed a lump sum settlement amount, which does not comport with the requirements set forth in *Lynn's Foods* and the Court's standing order on FLSA cases. Even as of the date of this Order, over two months after the case settled and seven weeks after the settlement agreements were to be filed, nothing that comports with the basic orders of this Court has been filed. Nor have the Plaintiffs filed a memoranda as to why they have failed to comply with the Court's orders or sought any sort of extension of this Court's deadlines. In fact, the only filings from Plaintiffs after the show-cause order, have been the stipulation of dismissal and the notice of settlement; as noted above, both of these filings are infirm.

---

[6] *Szoke*, DE 35; *Odio*, DE 27.

[7] DE 36.

II.

The Court has the inherent power to impose reasonable and appropriate sanctions upon counsel for violations of procedural rules or court orders. *See Chambers v.* NASCO, 501 U.S. 32, 43-44 (1991); *see also In re Walker*, 532 F.3d 1304, 1310 (11th Cir. 2008). The "court's inherent power derives from the court's need 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. March 12, 2009) (quoting *Chambers*, 501 U.S. at 43). When the court imposes such sanctions, it does so with great restraint and discretion, and they may be entered against an individual attorney or a party. *In re Mroz v. Mroz*, 65 F.3d 1567, 1576 (11th Cir. 1995); *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1209-10 (11th Cir. 1985) (upholding a $50,000 fine imposed by a district court under its inherent power to sanction attorneys practicing before it). But these sanctions may only be levied when the Court finds that the offending Parties acted in bad faith. *In re Walker*, 532 F.3d at 1309. And a finding of bad faith is warranted where an attorney knowingly or recklessly delays or disrupts the "litigation or hampering enforcement of a court order." *Byrne v. Nezhat*, 261 F.3d 1075, 1121 (11th Cir. 2001). Counsels' failure to attend a court-ordered hearing justifies the imposition of a severe sanction. *See, e.g. Link v. Wabash R.R. Co.*, 370 U.S. 626, 635 (1962); *Malautea v.*

*Suzuki Motor, Co., Ltd.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (finding sanctions appropriate where plaintiff failed to attend pretrial conference).

Here, it is clear that the Plaintiffs' attorneys have disrupted the litigation by refusing to comply with many of the Court's Orders. The Plaintiffs' attorneys failed to abide by the Court's two standing Orders; they then failed to comply with the first show-cause order; they failed to appear for pre-trial conference, which was not canceled; they also failed to appear for a hearing regarding their filings and continued their unrelenting failure to abide by the Court's Orders. Their behavior is bad faith.

This finding and these sanctions are not coming out of the blue. Rather, the Court has given Plaintiffs' attorneys two opportunities to show cause why sanctions should not be imposed. Additionally, any due process concerns have been satisfied by the show-cause order and the hearing which they had notice of and defense counsel appeared at. There are clearly no other means of assuring Plaintiffs' compliance with the Court's Orders than imposing a sanction upon them.

In fashioning this sanction the Court has considered several possible alternatives. The Court has considered dismissing these cases under Rule 41(b), which would be an adjudication on the merits and preclude Plaintiffs from recovering under their suit. Defense

6

counsel represented that the Parties' settlement is contingent on court approval, so the funds held is escrow have, hopefully, not issued yet. Several factors counsel against such a sanction. First, Plaintiffs have a meritorious claim worth a total of roughly thirty thousand dollars. That is no small sum of money. And Plaintiffs should not be denied any lawful recovery because their attorneys operate in utter disregard for the Court's orders. *Gratton v. Great American Communications*, 178 F.3d 1373, 1375 (11th Cir.1999)(noting "a court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable"); *but see Link*, 370 U.S. at 633-34 (explaining parties voluntarily choose attorneys to represent them and are generally bound by their acts).

The Court has considered imposing attorneys fees against the Plaintiffs' attorneys for all of the fees and costs incurred by Defendants after the mediation. But this too has its problems. For one, Defendants are not above reproach in this matter. While it may be common practice for plaintiffs' counsel to submit a stipulation of dismissal or an executed settlement agreement to the court, that does not preclude the defense attorney from stepping in and taking care that these cases are resolved when Plaintiff's attorneys choose not to. Second, this sanction does not fully remedy the harm that Plaintiffs' counsel have caused.

Plaintiffs' counsel have operated outside the proper course of

conduct for attorneys. The Court's orders are to be obeyed. And when they are not, parties and attorneys open themselves to sanctions to remedy any harm and to assure future compliance. In this case, Plaintiffs' attorneys have not committed a lone act of failing to comply with the Court's orders or missing deadlines. No, this is far more than a single order that was ignored. This is a pattern of behavior, operating in utter contempt for the Court and its powers. It is a failure to comply with the Court's standing orders, the Court's show-cause Orders, the Court's pre-trial conference Order, and finally the Court's Order setting a hearing for sanctions. No mere award of Defendants' attorney's fees will remedy this harm and assure future compliance.

Therefore, the Court will impose a fine against Plaintiffs' attorneys and their firm. The Court would be wholly justified in dismissing this action on the merits. *Link*, 370 U.S. at 635. Thus, the lesser sanction of a fine is wholly appropriate to address the Plaintiffs' attorneys' behavior. *Chambers*, 501 U.S. at 45 (noting that since outright dismissal of a case is within the Court's inherent power, so are lesser sanctions). While the Court originally considered a sum matching the value of this case, that is very high number. And although a sum of $50,000.00 has been imposed and affirmed in this Circuit, *Kleiner v. First Nat. Bk. of Atlanta*, 751 F.2d 1193, 1209-10 (11th Cir. 1985), the Court finds that a sum of $12,500.00 for each of Plaintiffs' attorneys should remedy their

abuses and deter any such future conduct.

### III.

As a brief aside, the FLSA has become a cottage industry for lawyers in this District, many of whom are fine attorneys, but others, a high number, operate as a shameless mill of needless litigation, and conduct their cases with utter disregard for the standards of professionalism that undergird the practice of law in this District. Plaintiffs' attorneys, Mr. Paul Herman and Mr. Joel Brown, are on notice that any further conduct in this vein will not be tolerated and that they can fully expect much more severe and permanent sanctions, if it does occur.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Pursuant to the Court's inherent power and Federal Rule of Civil Procedure 16(f) a fine in the amount of $12,500.00 is imposed upon Mr. Joel Adrian Brown, Esq. and the Fair Credit Law Group for Mr. Brown's willful failure to comply with the Court's Orders;

2. Pursuant to the Court's inherent power and Federal Rule of Civil Procedure 16(f) a fine in the amount of $12,500.00 is imposed upon Paul Aaron Herman, Esq. and the Fair Credit Law Group for Mr. Herman's willful failure to comply with the Court's Orders;

3. That by <u>noon</u> on <u>Tuesday, August 25, 2009</u> the aforementioned fine is to be paid to the United States Courts at the Clerk of Court's Office;

4. That by noon on Wednesday, August 26, 2009, Plaintiffs' attorneys Mr. Joel Adrian Brown, Esq. and Paul Aaron Herman, Esq. are to file a receipt in each case establishing their compliance with this Order; and

5. Upon the failure of Plaintiffs' attorneys to comply with the terms and conditions of this Order the Court will take up the issue of whether they should be held in contempt of Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   19th   day of August, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record